UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────

UNITED STATES OF AMERICA,

    v.

**ED GEORGE PARENTEAU,**

        Defendant.

Cr. No. 10-CR-320 (TJM)

(Hon. Thomas J. McAvoy)
───────────────────────────────────

## GOVERNMENT'S RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS

The United States of America, by its attorneys, submits herewith its response to defendant **ED GEORGE PARENTEAU'S** pretrial motions filed in connection with the above-referenced matter.

Dated: October 4, 2010

Respectfully submitted,

RICHARD S. HARTUNIAN
UNITED STATES ATTORNEY

BY: *Richard D. Belliss*
RICHARD D. BELLISS
Assistant U. S. Attorney
Bar Role Number: 515295
E-mail: richard.belliss@usdoj.gov
United States Attorneys Office
James T. Foley U.S. Courthouse
445 Broadway
Albany, N.Y., 12207
Telephone: (518)431-0247
Fax: (518)431-0249

TABLE OF CONTENTS

                                                                     Page

I.   Affidavit of Richard D. Belliss..........................i

II.  Memorandum of Law.........................................1

     A. SUPPRESSION OF ITEMS SEIZED.........................2

        1. <u>The no-knock search warrant signed by the Magistrate Judge was properly based upon a reasonable suspicion that requiring the investigators to knock and wait prior to entering the defendant's residence would imperil the investigators' safety</u>...........................................4

III. Exhibits

     GE-1.  Affidavit of FBI S/A Chris West dtd 30 Sept 10

     GE-2.  Affidavit of FBI TFO Ray Nafey dtd 30 Sept 10

     GE-3.  Affidavit of FBI TFO Mark Kleist dtd 30 Sept 10

     GE-4.  Surveillance photographs of defendant's residence taken prior to the June 22, 2010 search

     GE-5.  Photographs of the defendant's residence taken during the June 22, 2010 search

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

**ED GEORGE PARENTEAU,**

                Defendant.

A F F I D A V I T

Cr. No. 10-CR-320(TJM)

(Hon. Thomas J. McAvoy)

---

State of New York)
                ) ss.:
County of Albany )

RICHARD BELLISS, being duly sworn, deposes and says:

1. That I am an Assistant United States Attorney, of counsel, to Richard S. Hartunian, United States Attorney of the Northern District of New York, and I am responsible for handling the above matter in our office.

2. That the Memorandum of Law attached hereto and incorporated herein is submitted in response to defendant's motion for the suppression of items seized during a search of the defendant's residence on June 22, 2010, which motion(s) are returnable before this Court on <u>October 22, 2010</u> at 10:00 A.M.

i

3. The factual assertions made in the attached Memorandum of Law are based upon information provided by FBI Special Agent Chris West and FBI Task Force Officers Mark Kleist and Raymond Nafey.

4. Attached as Government's Exhibit 1 (GE-1) is an affidavit submitted by Special Agent West addressing the allegations raised in the defendant's motion to suppress seized items.

5. Attached as Government's Exhibit 2 (GE-2) is an affidavit submitted by TFO Nafey addressing the allegations raised in the defendant's motion to suppress seized items.

6. Attached as Government's Exhibit 3 (GE-3) is an affidavit submitted by TFO Kleist addressing the allegations raised in the defendant's motion to suppress seized items.

7. Attached as Government's Exhibit 4 (GE-4) are surveillance photographs of the defendant's residence taken prior to the June 22, 2010 search.

8. Attached as Government's Exhibit 5 (GE-5) are photographs of the defendant's residence taken during the June 22, 2010 search.

*[signature: Rick Belliss]*
RICHARD BELLISS
ASSISTANT U.S. ATTORNEY

Sworn to before me this
4th  day of October, 2010.


*[signature: Maureen P. Collins]*
Notary Public

MAUREEN P. COLLINS
Notary Public, State of New York
No. 01CO5071343
Qualified in Albany County
Commission Expires ~~January 6,~~ March 18, 2011

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
---

UNITED STATES OF AMERICA,

    v.

**ED GEORGE PARENTEAU,**

           Defendant.

**MEMORANDUM OF LAW**

Cr. No. 10-CR-320 (TJM)

(Hon. Thomas J. McAvoy)

---

### PRELIMINARY STATEMENT

    The defendant is charged in a two-count indictment. Count 1 alleges the defendant conspired to commit mail fraud in violation of Title 18, United States Code, Sections 1341 & 1349. Count 2 alleges the defendant committed mail fraud in violation of Title 18, United States Code, Sections 2, 1341 & 1349.

    Before the Court is the defendant's omnibus motion seeking the suppression of items seized during the June 22, 2010 search of the defendant's residence. This memorandum of law is submitted in opposition to the defendant's motion(s).

1

**ARGUMENT**

A.  <u>SUPPRESSION OF ITEMS SEIZED</u>

<u>Defense Claim</u>: The defendant moves to suppress the items seized from his residence on June 22, 2010 on the grounds that the investigators executing the federal search warrant failed to knock and announce their presence prior to entry of the residence. More specifically, the defendant claims that the investigators "violated well settled law and 18 U.S.C. 3109" by failing to knock and announce their presence upon entry.

The government denies each and every allegation made by the defendant, and his motion to suppress items seized from his residence should be denied.

<u>Case Law</u>: The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV. When investigators execute a search of a private residence pursuant to a lawfully authorized search warrant, they must generally knock and announce their identity and purpose before entering and executing the warrant. *See Wilson v. Arkansas*, 514 U.S. 927 (1995). The federal "knock and announce" rule is found in 18 U.S.C. § 3109 which states:

> The officer may break open any outer door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

2

Although "[t]he method of an officer's entry into a dwelling is among the factors to be considered in assessing the reasonableness of a search warrant under the Fourth Amendment," the Fourth Amendment does not prohibit no-knock searches. *United States v. Tisdale*, 195 F.3d 70, 72 (2d Cir. 1999); *see also*, *United States v. Scroggins*, 361 F.3d 1075, 1081 (8th Cir. 2004) (holding that "[t]he reasonableness of a search may depend, in part, on whether law-enforcement officers knocked and announced their presence before entering"). A no-knock entry is justified under 18 U.S.C. § 3109 and the Fourth Amendment if investigators show that they had a reasonable suspicion that knocking and announcing their presence and purpose under the particular circumstances would threaten the investigators' safety. *United States v. Ramirez*, 523 U.S. 65 (1998); *Richards v. Wisconsin*, 520 U.S. 385, 391, 394 (1997); *see also United States v. Spinelli*, 848 F.2d 26, 27 (2d Cir. 1988) (holding that an exception to 18 U.S.C. §3109 has been recognized where "unannounced entry is required by exigent circumstances."). As the *Richards* Court recognized, "the practice of allowing magistrates to issue no-knock warrants seems entirely reasonable when sufficient cause to do so can be demonstrated ahead of time." *Richards* 520 U.S. at 396 n. 7; *see also, Tisdale*, 195 F.3d at 72 (holding that "*Richards* approved the issuance of no-knock warrants.").

Thus, in assessing the reasonableness of a no-knock entry, a

3

reviewing court should "determine whether the facts and circumstances of the particular entry justified dispensing with the knock-and-announce requirement." *Richards* 520 U.S. at 394. In other words, "[i]n order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or ... inhibit the effective investigation of the crime." *Id*. "This showing is not high, but the police should be required to make it whenever the reasonableness of a no-knock entry is challenged." *Id*. at 394-95.

> 1. The no-knock search warrant signed by the Magistrate Judge was properly based upon a reasonable suspicion that requiring the investigators to knock and wait prior to entering the defendant's residence would imperil the investigators' safety.

In the case at bar, the investigators did not knock on the closed door of the defendant's residence prior to entry. (GE-1, ¶7; GE-2, ¶7; GE-3, ¶7). Rather, before the search warrant was executed, TFO Kleist shouted "search warrant" and then the door leading into the defendant's residence was breached with a battering ram.[1]  *Id*. S/A West was the first investigator to enter

---

[1] Although the defendant's argument appears to be limited to alleging a violation of 18 U.S.C. 3109, and does not appear to allege that the manner of the actual entry into the residence was unreasonable, the government maintains that the manner in which entry was accomplished was entirely reasonable. *See Pennsylvania v. Mimms*, 434 U.S. 106, 108-09; *United States v. Ramirez*, 523 U.S. 65, 71-72 (1998). While there was some damage to the door and door frame that were breached, the damage was minimal, the investigators' conduct was tactically sound, and the amount of force used was reasonable. *See* GE-1, ¶11; GE-4; GE-5.

4

the residence. GE-1, ¶7; GE-2, ¶7; GE-3, ¶7. Upon entry, S/A West encountered (i) the defendant, who was sitting on a toilet and was wearing only a pair of shorts which were around his ankles, and (ii) the defendant's common law wife, who was using the sink near the toilet on which the defendant was sitting. GE-1, ¶8; GE-2, ¶8; GE-3, ¶8. The defendant was subsequently removed from the bathroom, permitted to dress, and then was questioned by investigators. *Id.* Following the defendant's interview with investigators, he was arrested pursuant to an arrest warrant issued by Magistrate Judge Homer. GE-1, ¶9; GE-2, ¶9; GE-3, ¶9; Dkt No. 36. Although various items were seized from the defendant's residence during the search, no items were seized from the *defendant's person* during either the search of the residence or his arrest. GE-1, ¶9; GE-2, ¶9; GE-3, ¶9.

The investigators' actions in entering the defendant's residence were entirely reasonable for three reasons. First, the face of the search warrant executed by investigators on June 22, 2010 indicated it was a "no-knock" warrant. See 3:10-mj-301, Dkt No. 4. Consequently, investigators were permitted to dispense with knocking on the door leading into the residence and the concomitant waiting period. Second, prior to entry, the investigators did announce their presence by shouting "search warrant." GE-1, ¶7; GE-2, ¶7; GE-3, ¶7. Third, the application for the search warrant sets forth the basis for S/A West's concerns about investigator

5

safety at the time of the warrant's execution. In particular, S/A West explained how the defendant, and his co-defendant, Jeffrey Burfeindt, were sovereign citizens, that is, individuals who do not recognize the authority of federal and state governments. *See* 3:10-mj-301, Dkt No. 1 at ¶¶5, 7-13. In espousing their views, sovereign citizens have, on occasion, engaged in violence. *Id.* at ¶5. Moreover, pen register data showed numerous calls between the defendant's cellular telephones and a person who had frequent contact with Jerry Kane - one of two individuals responsible for killing two West Memphis, Arkansas police officers in a shootout on May 19, 2010. *Id.* at ¶21. The information provided by S/A West in his application to the Magistrate Judge who authorized the no knock entry shows that it is reasonable to suspect that requiring the investigators to knock and wait a period of time before entering the residence would have been dangerous.

Even if this Court was to find that the Magistrate Judge authorizing the no-knock entry erred in finding particular circumstances that would threaten the investigators' safety, the investigators executing the search warrant reasonably relied on the validity of the warrant. An investigator's objectively reasonable reliance upon a no knock provision in a search warrant precludes application of the exclusionary rule. *See United States v. Leon*, 468 U.S. 897 (1984); *Illinois v. Krull*, 480 U.S. 340, 348 (1987); *Tisdale*, 195 F.3d at 72-73 (holding that officers were entitled to

6

rely on the no-knock provision of a search warrant in good faith and the exclusionary rule should not apply); *United States v. Hawkins*, 139 F.3d 29, 32 (1st Cir. 1998); *Scroggins*, 361 F.3d at 1083 (holding that an officer's reliance upon the no-knock provision in a search warrant was objectively reasonable and the exclusionary rule should not apply); *United States v. Rivera*, No. Crim. 00-6-B-C, 2000 WL 761976 (D. Me. May 15, 2000).

Finally, even if this Court was to find that (i) the Magistrate Judge authorizing the no-knock entry erred in finding particular circumstances that would threaten the investigators' safety, and (ii) the investigators executing the search warrant could not, in good faith, reasonably rely on the validity of the search warrant, the defendant's motion to suppress should still be denied. In *Hudson v. Michigan*, 547 U.S. 586 (2006), the Supreme Court held that although an investigator's failure to abide by the knock and announce rule may violate an individual's right to be free from unreasonable searches under the Fourth Amendment, the exclusionary rule does not apply to evidence discovered during the ensuing search. Moreover, the Second Circuit has held that in the case of a purported violation of 18 U.S.C. § 3109, the exclusionary rule similarly has no application. *United States v. Acosta*, 502 F.3d 54, 57 (2007) ("the reasoning in *Hudson* applies with equal force to § 3109, and [we] thus hold that an alleged violation of the statutory knock-and-announce rule cannot form the basis for

7

suppression of the evidence discovered in the ensuing search.").

The actions of the investigators on June 22, 2010 were reasonable and the motion to suppress the items seized from the defendant's residence should be denied.

## CONCLUSION

The motion(s) of the defendant should be denied in all respects.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2010, I caused the mailing and electronic filing of the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

    Ed George Parenteau
    Inmate, Albany County Jail
    840 Albany Shaker Road
    Albany, New York 12211

Dated: October 4, 2010        /s/ *Richard D. Belliss*
                                        Richard Belliss
                                        Assistant U.S. Attorney