UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JEFFREY CHARLES BURFEINDT,**

              **Petitioner,**

    **v.**                                                 **10-CR-320**
                                                              **(TJM)**

**UNTIED STATES OF AMERICA,**

              **Respondent.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I.   INTRODUCTION**

      Petitioner JEFFREY CHARLES BURFEINDT has filed a motion pursuant to Fed. R. Civ. P. 59(e) seeking to set aside the judgment entered in his criminal case. See dkt. # 148.  The Government has opposed the motion. See dkt. # 149.  Burfeindt has submitted an out-of-time reply without permission of the Court, see dkt. # 153, which the Court will not consider.  See Fed. R. Civ. P. 6(b)(1)(B);  N.D.N.Y.L.R. 7.1(a)(3); see also McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed.2d 21 (1993) (explaining that we "never [had] suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel"); LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir.1995)(*Pro se* litigants "generally are required to inform themselves regarding procedural rules and to comply with them.").

**II.     BACKGROUND**

On January 13, 2011, Burfeindt pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. On August 9, 2011, the Court sentenced him to six months of imprisonment to be followed by three years of supervised release. On May 16, 2012, the Court denied Burfeindt's 28 U.S.C. § 2255 petition which sought to vacate, set aside or correct his conviction and/or sentence. See dkt. # 141.

**III.    DISCUSSION**

The instant motion seeks to vacate Burfeindt's criminal judgment. Rule 59 of the Federal Rules of Civil Procedure is not a proper procedural mechanism for the sought after relief. Furthermore, Burfeindt's motion is clearly an attempt to file a second or successive motion pursuant to 28 U.S.C. § 2255. Such a petition requires the petitioner to first obtain authorization from the United States Court of Appeals for the Second Circuit allowing this Court to consider the petition. See 28 U.S.C. §§ 2244(b)(3)(A); 2255(h). There is no indication that Burfeindt has obtained this authorization.

**IV.    CONCLUSION**

For the reasons discussed above, Burfeindt's motion pursuant to Fed. R. Civ. P. 59(e) seeking to set aside the judgment entered in his criminal case [dkt. # 148] is **DENIED.**

**IT IS SO ORDERED**

**Dated:** August 2, 2012

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge